562 A.2d 770

**Angel M. BURNS**

v.

**STATE of Maryland.**

**No. 1578 Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Aug. 30, 1989.

John L. Kopolow, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and M. Kenneth Long, Jr., State's Atty. for Washington County, Hagerstown, on the brief), for appellee.

Submitted before WILNER, GARRITY and KARWACKI, JJ.

GARRITY, Judge.

This matter concerns the offense of harboring a fugitive.[1] We shall examine its elements and determine whether the evidence presented to the Circuit Court for Washington

---

1. Md.Ann.Code art. 27, § 268E(d), defines "fugitive" as "any individual for whose arrest a felony warrant has been issued under Maryland law."

County (Corderman, J.) was sufficient to sustain the conviction of the appellant, Angel M. Burns, who was sentenced to serve a period of one year imprisonment in the Washington County Detention Center.

## Facts

According to Officer Gary Spielman of the Hagerstown Police Department, he received information from an anonymous caller that Tommy Joe Stoner, who was wanted on a charge of robbery, was at a certain apartment located on West Antietam Street. Upon confirming that a felony warrant for Stoner's arrest was outstanding,[2] he and his partner proceeded to the residence and knocked on the door, which was opened by the appellant.[3] Thereafter, the following transpired:

Office Spielman advised the appellant that he had a felony warrant for the arrest of Stoner. In response to the officer's questions regarding the whereabouts of Stoner, the appellant stated that Stoner was not in the apartment. The officer then related that harboring a fugitive was unlawful and a punishable offense. The appellant again responded that Stoner was not in the apartment. Thereupon, the officer asked the appellant if the police "could enter the apartment to take a look." The appellant denied the request and demanded a search warrant.

Officer Carl E. Braum confirmed the testimony of his partner and further related that upon Officer Spielman's departure to obtain a search warrant, he stationed himself in a stairwell near the apartment's front door. A few minutes later, he observed Stoner and the appellant exit the apartment and he placed Stoner under arrest.

---

**2.** The warrant, however, recited Stoner's address as 437 North Jefferson Street in Hagerstown.

**3.** The record reveals that the appellant lived at the apartment with her daughter.

*Discussion*

The standard for reviewing the sufficiency of evidence to support a criminal conviction is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Bloodsworth v. State,* 307 Md. 164, 167, 512 A.2d 1056 (1986).

Md.Ann.Code art. 27, § 268F(a) (1957, 1987 Repl.Vol., 1988 Cum.Supp.), provides:

Whoever harbors any fugitive, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a felony warrant has been issued for the apprehension of that fugitive, and after notice that harboring that fugitive is a punishable offense, is guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned not more than one year, or both.[4]

Section 268F(a) makes it a crime to harbor any fugitive so as to prevent his or her discovery and arrest after notice or knowledge of the fact that a felony warrant has been issued for the apprehension of that individual, and after notice that harboring such person is a punishable offense.

At the crux of our analysis is the meaning applied to the term "harbor."[5] Section 268E of the statute defines harbor to include offering a fugitive:

(1) Concealment;

(2) Lodging;

(3) Care after concealment; or

---

**4.** Art. 27, § 268F(b) generally makes it unlawful to harbor a fugitive after such person has been convicted of a felony. Art. 27, § 268G generally makes it unlawful to harbor any prisoner imprisoned for a felony after that person has escaped from the custody of the Maryland Division of Correction or other place of confinement.

**5.** *See* 16 A.L.R.Fed. 253 (1973, 1988 Cum.Supp.) for a general discussion of a similar provision pertaining to harboring or concealing a federal fugitive.

(4) Obstruction of efforts of authorities to effect arrest of the fugitive.

However, "harbor" does not include the failure to reveal the whereabouts of a fugitive by a person who did not participate in the efforts of the fugitive to elude arrest.

Section 268E(c) of the statute provides that "a concealment" of a fugitive means "hiding, secreting, or keeping out of sight."[6]

While admitting that she failed to reveal Stoner's presence in her apartment, the appellant contends that the evidence was insufficient to show that she had participated in the fugitive's efforts to elude arrest. We disagree.

It is clear that the statute is directed at the *active* conduct of an individual who hinders the discovery, apprehension, or prosecution of a fugitive.

The record reveals that the appellant, after she was advised that a felony warrant of arrest had been issued for Stoner and that it was a punishable offense to harbor such fugitive, falsely stated that he was not in the apartment.

Her deceptive conduct of denying that Stoner was present in her apartment, when he actually was, satisfied the element of "concealment" and, therefore, "harboring" in this instance. As the act of concealment occurred after notice of the felony warrant issued for Stoner's arrest, and after notice that it was a crime to harbor such fugitive, we hold that the evidence was clearly sufficient to support the conviction.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.

---

6. It is interesting to note that under the federal statute, 18 U.S.C. § 1071 (1982), the word "conceal" means "to hide, secrete or keep out of sight" and that the word "harbor" means "to lodge, to care for after secreting." Under Maryland law, harboring includes concealment.